UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EARL TAYLOR, | Civil Action No. 14-4968 (MCA) |
| Petitioner, | |
| v. | OPINION |
| KENNETH NELSON, | |
| Respondent. | |

**ARLEO, United States District Judge:**

## I. INTRODUCTION

Petitioner Earl Taylor has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 challenging a judgment of conviction filed in Superior Court, Essex County, on October 16, 1992. (ECF Nos. 1, 4.) The Court has screened the Petition and reviewed the attached state and federal court records, and the relevant dockets entries, and finds that the Petition currently pending before the Court is a "second or successive" habeas petition pursuant to 28 U.S.C. 2244(b) for which Petitioner has not sought or received authorization from the Court of Appeals to file in the District Court. As such, the Court is without jurisdiction to consider the Petition at this time and must either dismiss the Petition or transfer it to the Court of Appeals for the Third Circuit. For the reasons explained below, the Court will transfer the Petition to the Third Circuit pursuant to 28 U.S.C. § 1631 and close the file.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 13, 1992, an Essex County Grand Jury charged Taylor with first-degree murder, N.J.S.A. 2C:11-3a(1) and/or (2) (count one); fourth-degree unlawful possession of a

weapon, N.J.S.A. 2C:39-5b (count two); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4b (count three). *State v. Taylor*, No. A-2148-08T4, 2010 WL 2869477, at *1 (N.J. Super. Ct. App. Div. July 21, 2010), *supplemented by*, No. A-2148-08T4, 2011 WL 487841 (N.J. Super. Ct. App. Div. Feb. 14, 2011). A jury found Taylor guilty on counts one and two, but not guilty on count three. *Id.* On October 16, 1992, the trial court sentenced Taylor on count one to a term of thirty years of imprisonment without parole, and on count two to an eighteen-month concurrent term of imprisonment. *Id.* He appealed, and the New Jersey Appellate Division affirmed. *State v. Taylor*, A-4021-92 (App. Div. Feb. 14, 1995). On April 27, 1995, the New Jersey Supreme Court denied his petition for certification. 140 N.J. 328 (1995). On March 19, 1996, Taylor filed a petition for post-conviction relief (PCR), contending that he was denied effective assistance of trial counsel and of appellate counsel. *Id.* On July 31, 1996, the trial court denied defendant's petition. *Id.* On appeal, the Appellate Division affirmed. *State v. Taylor*, A-3801-98 (App. Div. Dec. 15, 2000). On March 27, 2001, the Court denied his petition for certification. 167 N.J. 636 (2001).

Taylor executed his first habeas petition ("first Petition") on February 6, 2002 and it was docketed on March 2, 2002. *See Taylor v. Hendricks*, Civ. Act. No. 02-912, ECF Nos. 1, 10.) He presented five grounds for relief: that the failure to instruct the jury on passion/provocation manslaughter violated due process; that the failure to instruct the jury as to the use of his out of court statements violated due process; that trial and appellate counsel were constitutionally ineffective for failing to challenge the instructions; and that the prosecutor's comments violated due process. *See id.* The first Petition was denied on the merits by the Honorable Katherine S. Hayden on October 25, 2005. *See* Civ. Act. No. 02-912, ECF No. 10. Judge Hayden also denied

a certificate of appealability. *Id.* Taylor appealed the dismissal of his first Petition, and the Third Circuit denied relief on April 25, 2006. Civ. Act. No. 02-912, ECF No. 14.

On January 4, 2007, Taylor filed a *pro se* motion for a new trial in state court ("second PCR"), contending that he learned of newly discovered evidence warranting the vacation of the judgment of conviction and the grant of a new trial. *See State v. Taylor*, No. A-2148-08T4, 2010 WL 2869477, at *1 (N.J. Super. Ct. App. Div. July 21, 2010), *supplemented*, No. A-2148-08T4, 2011 WL 487841 (N.J. Super. Ct. App. Div. Feb. 14, 2011). The evidence consisted of an April 6, 1999 report from Maria Palumbo, defendant's private investigator, and a September 24, 1991 note from Dr. Philips, defendant's treating physician. As explained by the Appellate Division:

> Palumbo's investigative report consisted of six typewritten pages, with the first five pages containing the printed name of defendant's oldest son, and the date of April 7, 1999, in the lower right hand corner, and the last page containing a certification as to the truth and accuracy of the report followed by the son's signature. Defendant offered the investigative report as evidence that his son recanted part of his trial testimony of overhearing defendant threatening to kill his wife. Defendant offered the doctor's note as evidence that he was not physically able to lift or carry his wife's body at the time she was murdered in December 1999.

*See id.* Taylor also argued that the existence of this evidence supported his claims of ineffective assistance of trial counsel. *Id.* On November 10, 2008, the trial court issued an order and written decision denying Taylor's second PCR without an evidentiary hearing. Taylor appealed, and the Appellate Division affirmed in part and remanded in part. *Id.* at *2-3. The Appellate Division affirmed the dismissal of Petitioner's claim of newly discovered evidence with respect to his doctor's 1991 note and his claim that the doctor's note and the investigative report established a prima facie case of ineffective assistance of counsel. *Id.* The Appellate Division reversed the trial court's denial of Taylor's motion for a new trial based on his argument that his son had recanted part of his trial testimony and remanded for the Court to order a hearing on that aspect

3

of his second PCR. *See State v. Taylor*, No. A-2148-08T4, 2011 WL 487841 at *2 (N.J. Super. Ct. App. Div. Feb. 14, 2011). The trial held the required hearing and again found that the recantation was insufficient to warrant a new trial. The Appellate Division affirmed the denial of Taylor's second PCR on June 3, 2013. *See State v. Taylor*, No. 92-02-0584, 2013 WL 2371738, at *3 (N.J. Super. Ct. App. Div. June 3, 2013). The New Jersey Supreme Court denied Taylor's petition for certification on April 3, 2014. *State v. Taylor*, 217 N.J. 295 (2014).

Petitioner's second habeas petition ("second Petition"), relevant attachments, and request to proceed *in forma pauperis* were received by the Court on July 23, 2014. (ECF No. 1.) The Honorable Faith S. Hochberg administratively terminated the matter because Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, i.e., AO241 (modified) and because Petitioner did not meet the requirements for *in forma pauperis* status. (ECF No. 2.) Petitioner subsequently submitted an amended Petition ("amended second Petition") on the correct form, paid the $5.00 filing fee, and requested that the matter be reopened. The case was subsequently transferred to the undersigned on October 14, 2015. (ECF No. 7.)

The amended second Petition, raises two grounds for relief: (1) prosecutorial misconduct from his first PCR and (2) newly discovered evidence from his second PCR. (ECF No. 4, amended second Pet. at 6.) Taylor has attached the Order and Opinion denying habeas relief in his first Petition as an exhibit to his second Petition. (ECF No. 1-4.) Petitioner does not assert in either Petition that the Court of Appeals has authorized Taylor to file a second Petition pursuant to 28 U.S.C. § 2244(b). This Court has been unable to locate any request for authorization filed by Petitioner in the Third Circuit Court of Appeals.

### III. ANALYSIS

Here, Taylor's amended second Petition challenges the same 1992 judgment of conviction and sentence that he challenged in his first Petition, and his first Petition was adjudicated and dismissed on the merits. As such, Taylor's filing in this matter amounts to a second or successive Petition under 28 U.S.C. § 2244(b) and does not fall into recognized exceptions to the "second or successive" rule.[1] *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (explaining that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition); *Magwood v Patterson*, 561 U.S. 320, 342 (2010) (explaining that first habeas petition challenging a new sentence is not second or successive under § 2244(b) even though Petitioner had previously filed a habeas petition challenging prior sentence with respect to the same judgment). As explained by the Supreme Court,

> [t]he Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d

---

[1] Because this Petition is "second or successive" there is no need to give notice under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). *See, e.g., Ramnauth v. New Jersey*, No. CIV. 12-599 PGS, 2012 WL 4508129, at *4 (D.N.J. Sept. 27, 2012). The Court notes, however, that the form Petitioner submitted with his amended second Petition provided him with the *Mason* notice. (*See* ECF No. 4, at 16.)

480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007). Thus, a prisoner who presents a claim not previously raised may file a second/successive § 2254 petition only if he first obtains an order from the appropriate circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, the district court lacks jurisdiction to address the merits of such a petition. *See* 28 U.S.C. § 2244(b)(4). Because Taylor did not receive permission from the Third Circuit to file his second Petition, that Petition must either be dismissed for lack of subject matter jurisdiction or transferred to the Third Circuit pursuant to 28 U.S.C. 1631. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").

In deciding whether it is in the interest of justice to transfer a second or successive petition to the appropriate court of appeals, a district court may properly consider whether a petitioner "ha[s] alleged facts sufficient to bring his petition within the gatekeeping requirements of § 2244, which permits 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (affirming the district court's dismissal of a second or successive petition brought pursuant to § 2255 and noting that "this inquiry as to the factual premise of [Petitioner's] claims did not require-and the District Court did not express-any opinion on the merits of the claims").[2]

---

[2] Under § 2244(b)(3), the court of appeals must determine that a second or successive petition presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. *See Gonzalez v. Crosby*, 545 U.S. 524, 529–530 (2005). Section 2244(b)(2) provides:

6

The Court has reviewed the two grounds for relief alleged in Taylor's second Petition and finds that the factual premise of his second ground for relief regarding the recantation of portions of his son's trial testimony (1) was not previously raised in his first Petition and (2) appears to allege facts to support a claim for newly discovered evidence pursuant to 28 U.S.C. § 2244(b)(2)(B).[3] The Court will therefore transfer the Petition to the Third Circuit pursuant to 28 U.S.C. §1631, which provides that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

---

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Thus, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.

[3] The Court expresses no opinion regarding the merits of Taylor's second ground for relief. The Court also notes that first ground for relief alleged by Taylor in his amended second Petition appears to have been adjudicated in his first Petition and does not appear to meet the gatekeeping requirements for filing a second or successive petition.

## IV. CONCLUSION

The Court finds that it is without jurisdiction under 28 U.S.C. § 2244(b)(4) to consider Taylor's second Petition because he has not sought and received permission from the Court of Appeals to file a second or successive habeas petition pursuant to § 2244(b)(3). For the reasons explained in this Opinion, however, the Court, in lieu of dismissal, will transfer the matter to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. An appropriate Order follows.

Madeline Cox Arleo, U.S.D.J.

Date: Jan 27, 2016